## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STANISLAUS NWACHUKWU, and BLESSING IJEOMA NWACHUKWU,** | **CIVIL ACTION** |
| **Plaintiffs-Appellants** | |
| **-versus-** | **NO.:** |
| **ACADIAN SERVICES, LLC, D/B/A U-HAUL U-HAUL HOLDING COMPANY, REPWEST INSURANCE COMPANY DUSTIN KELLER JOHN DOE SHERIFF POLICE OFFICER 1 POLICE OFFICER 2 Defendants** | **JUDGE:** |
| | **MAGISTRATE:** |

● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

### COMPLAINT, PETITION FOR DAMAGES and JURY DEMAND

**NOW INTO COURT,** through the undersigned counsel comes, Stanislaus Nwachukwu and Blessing Ijeoma Nwachukwu, and upon suggesting to this honorable court that Plaintiffs wish to submit a complaint, petition for damages and jury demand in this matter, respectfully represent the following:

### I. THE PARTIES

1.    Made Plaintiffs herein (hereinafter also collectively referred to as "Plaintiffs") are the following:

> A. STANISLAUS NWACHUKWU (hereinafter also referred to as "Nwachukwu") is an adult citizen of the State of Louisiana and is domiciled in St. John The Baptist Parish, which is this District.

> B. BLESSING IJEOMA NWACHUKWU (hereinafter also referred

to as "B.Nwachukwu") is an adult citizen of the State of Louisiana and is domiciled in St. John The Baptist Parish, which is this District.

2.    Made Defendants herein (hereinafter also collectively referred to as "Defendants") are the following:

   **A. ACADIAN SERVICES, LLC** (hereinafter sometimes referred to as "Acadian Services"), a domestic limited liability company organized under the laws of the state of Louisiana, and an establishment authorized to and doing business in the State of Louisiana, with Corporation Service Company as its registered agent upon whom citation and service are to be made. Upon information and belief, the intentional and/or negligent conduct of Acadian Services through its employees including Dustin Keller is a major and proximate cause of the discrimination that resulted in Plaintiffs sustaining serious injuries and damages as set forth below;

   **B. U-HAUL HOLDING COMPANY** (hereinafter sometimes referred to as "U-Haul"), a foreign establishment authorized to and doing business in the State of Louisiana, with CT Corporation as its registered agent upon whom citation and service are to be made and upon information and belief, whose intentional and negligent conduct and discrimination through its affiliates, franchisees, licensees, employees and/or agents, including but not limited to Dustin Keller, Does 1 Through Does 20, Acadia Services, LLC, U-

Haul Moving & Storage at Northeast Expressway, and RepWest Insurance Company, was the primary and proximate cause of the incident that caused Plaintiffs arrested and wrongfully incarcerated as well as the acts that caused Plaintiffs to sustained serious injuries and damages as set forth below; and

C. **REPWEST INSURANCE COMPANY** (hereinafter sometimes referred to as "RepWest")**,** a foreign company that may or may not authorized to do business but doing business in the State of Louisiana, with C T Corporation System as its registered agent upon whom citation and service are to be made and upon information and belief, was the insurance of the Vehicle that is the subject of this litigation as well as insurer of the other defendants above.

D. **DUSTIN KELLER**    (hereinafter also referred to as "Keller")**,** a rental agent and manager employed by the Acadian Services, LLC and U-Haul Holding company as a rental agent and/or manager who at all times relevant was employed at the St. John The Baptist Parish rental location of U-Haul, in LaPlace Louisiana.  Keller is sued in his personal capacity for his *ultra vires* acts as well as in his capacity as an employee and/or agent of the Defendant entities, who may be liable for Keller's actions under the *respondeat superior* doctrine.

E. **OFFICER 1**  (hereinafter also referred to as "Officer 1")**,** a police officer employed by the St. John The Baptist Parish Sheriff's

Office.  Officer 1 is sued in his personal capacity for his *ultra vires* acts as well as in his capacity as an employee of the St. John The Baptist Parish Sheriff's Office and St. John The Baptist Parish, who may be liable for Officer 1's actions under the *respondeat superior* doctrine.

F.  **OFFICER 2** (hereinafter also referred to as "Officer 2")**,** a police officer employed by the St. John The Baptist Parish Sheriff's Office.  Officer 2 is sued in his personal capacity for his *ultra vires* acts as well as in his capacity as an employee of the St. John The Baptist Parish Sheriff's Office and St. John The Baptist Parish, who may be liable for Officer 1's actions under the *respondeat superior* doctrine under the *respondeat superior* doctrine.

G.  **JOHN DOE SHERIFF, IN HIS CAPACITY AS SAINT JOHN THE BATISTE PARISH SHERIFF** (hereinafter also referred to as "John Doe Sheriff"), on belief the Sheriff of St. John the Baptiste Parish, a State of Louisiana subdivision and Parish Government Agency.

H.  **DOES 1 THROUGH DOES 20** (hereinafter also referred to as "DOES 1 Through DOES 20"). The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as "DOES 1 through DOES 20" are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs  will amend this complaint to show

their true names and capacities when the same have been ascertained. On belief and information, the defendant entities may be liable for the action of some or all of the unnamed defendants

I.  XYZ Insurance Company, a fictitious foreign or domestic insurance company whose identity is unknown at this time, authorized to do and doing business in the Parish of Jefferson, State of Louisiana, and upon information and belief, the insurer of Acadian Services, LLC, the establishment involved in the accident herein.

## II.  NATURE OF THE CLAIMS

3.  This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful rental practices against Plaintiffs, including their discriminatory treatment and harassment of Plaintiffs due to their race and national origin and their unlawful retaliation against them after they complained about unlawful discrimination in their contract in violation of the Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), United Stated Law against discrimination in Public accommodations and Louisiana Law Against Discrimination in Contract.

4.  This also is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful rental practices against Plaintiffs, including Defendants' discriminatory treatment and harassment of Plaintiffs due to their race and national origin and the defendants' unlawful retaliation against Plaintiffs after they complained about unlawful discrimination in their contract in violation of the Civil Rights Act of 1866, other United Stated Law against discrimination in Public accommodations and Louisiana Law against Discrimination.

5.  This civil rights complaint is not only primarily for discrimination in violation of the Civil
    Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981") and other federal law to be determined
    at trial but also it is for wrongful arrest, discrimination in public accommodation, and Breach
    of Contract.

### III. JURISDICTION

6.  This Court has personal jurisdiction over the Defendants because the Defendants have
    transacted business in this District, and/or because the Defendants have committed acts
    proscribed by the law in this District.

7.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action
    arises under the laws of the United States as a Federal Question.

8.  Pursuant to 28 U.S.C. § 1367 and 31 U.S.C. § 3732(b), this Court has supplemental
    jurisdiction over the subject matter of the state claims asserted by the Plaintiffs in this action
    because those claims are so related to the claims asserted by Plaintiffs under federal law that
    they form part of the same case or controversy, and because those claims arise out of the same
    transactions or occurrences as the federal question claims.

9.  Jurisdiction of this Court is appropriate based upon federal question pursuant to 28 U.S.C.
    Sections 1331. Original Jurisdiction of this matter is conferred upon the Court by 28 U.S.C.
    Section 1331.

10. Supplemental jurisdiction over State law claims is conferred upon this Court by 28 U.S.C.
    Section 1367.

11. The district court had subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331,
    which grants the district courts "original jurisdiction of all civil actions arising under the . . .
    laws . . . of the United States." Plaintiff's suit against the defendants was based upon 42

U.S.C.A. § 1983. United States law requires that those who deprive any person of rights and privileges protected by the Constitution of the United States provided by state law be liable in action at law, suit in equity, or other appropriate measure. 42 U.S.C.A. §1983.

12. Plaintiffs are entitled to relief sustained as a result of the actions and omissions of Defendants including attorneys' fees, costs, expenses and psychological and emotional distress experienced at the hands of Defendants.

13. Federal jurisdiction over pendant state claims is governed by 28 U.S.C. § 1367, which states: "[I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

14. Venue is proper within this jurisdiction pursuant to 28 U. S. C. Section 1391(b) because the claims stated herein, and the unlawful practices complained of herein occurred within the Eastern District of Louisiana.

15. Plaintiffs are informed and believe, and based thereon allege, that at all relevant times, the Defendants engaged in certain wrongful acts alleged below in the Eastern District of Louisiana and engaged in other unlawful acts outside this District which caused injury to Plaintiffs in this District.

16. This action also is brought for discrimination in contract under Section 1981 as a result of Plaintiffs' Race (African American), Color (black), and National Origin Gender (Nigerian).

17. Section 1981 protects United States citizens such as Plaintiffs from discrimination in contract based on race and national origin.

18. This action is brought for discrimination in Public Accommodation as a result of Plaintiffs'

Race (African American), Color (black), and National Origin Gender (Nigerian).

19. Federal law protects United States citizens such as Plaintiffs from discrimination in public accommodation based on race, color, religion, sex and national origin.

20. Jurisdiction is appropriate in this court as a federal question pursuant to Section 1981, Section 1983 and/or other United States law against discrimination.

21. Plaintiffs Stanislaus Nwachukwu and Blessing Ijeoma Nwachukwu were domiciled in the State of Louisiana at the time of the vehicle rental causing this lawsuit, and upon information and belief, remains so at the time of filing.

22. On belief and information, Defendant U-Haul is an Arizona company and the owner of the vehicle which is the cause of this litigation and typically has its vehicles rented out through franchises and licenses agreement with operators such as Acadian Services, LLC.

23. On belief and information, Defendant U-Haul Holding Company is a publicly traded company and is the parent of U-Haul Co. of Louisiana, one of the many entities it operates under, and also is the owner of the U-Haul brand and franchisee which is operated by Defendant Acadian Services, LLC.

24. On belief and information, Defendant U-Haul Holding Company additionally is franchisor, mandate and/or owner of U-Haul Co. of Northeast Atlanta, one of the many entities U-Haul operates under, and also is the owner of the U-Haul brand and franchisee which is operated by that entity.

25. On belief and information, U-Haul Holding Company also is the owner of Defendant Repwest Insurance Company.

26. Venue is proper within this jurisdiction pursuant to 28 U. S. C. Section 1391(b) because the initial rental contract which is the cause of this litigation was executed in this district, most of

the claims stated herein and the unlawful practices complained of herein also occurred within the Eastern District of Louisiana.

9. Plaintiffs are informed and believes, and based thereon alleges, that at all relevant times, the Defendants engaged in certain wrongful acts alleged below in the Eastern District of Louisiana and engaged in other unlawful acts outside this District which caused injury to Plaintiffs in this District.

10. Accordingly, venue properly lies in this District.

11. Plaintiffs bring this action pursuant federal laws that prohibit <u>discrimination</u> on the basis of race, color, national origin, sex (including pregnancy), and religion in contract as well as access to public accommodations, such as restaurants and hotels. Title VII applies to intentional discrimination and <u>disparate impact discrimination</u> on race, color, national origin, sex, or religion. Likewise, the State of Louisiana companion law.

12. It is a discriminatory practice for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement. A place of public accommodation, resort, or amusement is defined as any place, store, or other establishments, either licensed or unlicensed, which supplies goods or services to the general public or which solicits or accepts the patronage or trade of the general public, or which is supported directly or indirectly by government funds. A bona fide private club is not a place of public accommodation, resort, or amusement. The criteria for making that determination are set forth in the statute.

13. Plaintiffs further avail themselves of ***Section 1981 of the Civil Rights Act of 1866, or 42 U.S.C. §1981***, which statute applies only to intentional racial discrimination in contract and establishes that certain rights are to be guaranteed to all citizens of the United States, and these rights are

to be protected against impairment by nongovernment and state discrimination.

## **FACTUAL BACKGROUND**

14. Upon information and belief, on or about December 29, 2022, Petitioner Stanislaus Nwachukwu and his wife rented a U-Haul truck from Acadian Services, LLC, a U-Haul Neighborhood Dealer and licensee or franchisee of Defendant U-Haul Holding Company. The pertinent Acadian Services, LLC location had the municipal address 1301 West Airline Highway, La Place, Louisiana 70068.

15. Plaintiffs were served by Defendant Dustin Keller, on belief and information a manager, employee and/or agent for Defendants U-Haul Holding Company and the relevant U-Haul Neighborhood Dealer (Acadia Services, LLC).

16. At the time of the rental, Plaintiffs informed Keller that they were moving to Atlanta, Georga and would be dropping off the truck at a location in Atlanta.

17. Plaintiffs provided Dustin Keller, then a manager and rental agent at the Laplace location U-Haul, with his Wells Fargo Credit/Debit/Charge card number so that U-Haul, Acadian Services and U-Haul could charge the rental and extensions weekly until the truck was returned. Nwachukwu was charged an initial amount of $738.27 for the rental.

18. When Petitioners arrived in Georgia, a mix-up related to his contact information, which was taken incorrectly by Dustin Keller, as well as improperly made entries logged into U-Haul's red bar logs caused the vehicle that was rented out to Plaintiff by U-Haul to be reported stolen and Mr. Nwachukwu to be placed on U-Haul's do not rent list.

19. Plaintiffs eventually resolved the first mix-up, paid all outstanding charges  and re-rented the truck. The truck's rental was renewed and extended for several additional days beyond the initial rental period and to January 29, 2023, under a new rental contract.

20. However, U-Haul employees at the LaPlace location, including Keller contacted the Sheriff's Office for St. John the Baptist Parish and falsely filed a police report, alleging that Mr. Nwachukwu had absconded with U-Haul's truck and were running from justice.

21. It was falsely reported to the police that Mr. Nwachukwu was responsible for the unauthorized use of a stolen vehicle even though the vehicle was re-rented by him hours before the offending false report was completed by Keller.

22. Based on Keller's false allegations and reporting, as well as the reports of other Defendant employees (Does 1 Through Does 20), which reports were filed internally and with the police, on belief and information an arrest warrant was issued for Mr. Nwachukwu's arrest by a judge in St. John the Baptist Parish, State of Louisiana.

23. Mr. Stanislaus Nwachukwu was arrested in Georgia and was jailed for nearly week at the Dekalb County Jail.

24. When the proper authorities eventually were made aware of the fact that Mr. Nwachukwu was arrested under nefarious circumstances, the court recalled the arrest warrant and Mr. Nwachukwu was released.

25. While in jail, Mr. Nwachukwu's medication was withheld from him causing his health to deteriorate.

26. Mrs. Ijeoma Nwachukwu ended up being locked up by the police accidentally for a day and ended up falling ill due to her experiences, including but not limited her husband's wrongful and unjust arrest and imprisonment.

27. The false report against Mr. Nwachukwu was filed after he was in contact with Defendants and was instructed by Defendants to return the vehicle to the Atlanta location of U-Haul.

28. It was while he was at the Atlanta location of U-Haul that Nwachukwu found out the extent of

the lies that were told about him by Keller and other U-Haul employees, including the misrepresentations that caused him to be placed on U-Haul's "Do Not Rent" list as well as have the vehicle he rented from U-Haul (hereinafter also referred to as the "Vehicle") was already listed as stolen.

29. An agent and/or employe of Defendants by the name of Kenneth Braziel assisted Plaintiffs, had Nwachukwu removed from U-Haul's "Do Not Rent" list and the vehicle removed from the stolen list in order to rent the truck to the Plaintiffs.

30. However, after have all of that done (having Plaintiffs removed from U-Haul's Do Not Rent list, having the vehicle removed from U-Haul's stolen vehicle list, and the vehicle fully rent out to plaintiffs under a new contract), U-Haul employees (Keller and Does 1 through Does 20) again reiterated and reinstituted the allegations that the Vehicle was stolen by Plaintiffs.

31. As a result, Mr. Nwachukwu was falsely reported to the Sheriff's office.

32. Mr. Nwachukwu eventually was arrested on January 29, 2023 and imprisoned. Mr. Nwachukwu's freedom was taken from him. He was maliciously defamed, his character assassinated, and suffered loss of confidence.

33. On information and belief, Defendants' employees had no sensitivity and diversity training. In part they acted the way they did because of Plaintiffs' race (black) and national origin (Nigerian). Dustin Keller incessantly made comments about the strangeness of Plaintiffs' name and accents, and misspelled Stanislaus' name three times.

34. Further Dustin Keller took down both Plaintiffs' address and number wrongly, despite Plaintiffs' best efforts to give Dustin Keller the right address.

35. In both the treatment of Plaintiffs and the processing of police reports, the Plaintiffs were

identified as black and/or Nigerian and treated as "scam artists."

36. On belief and information, the treatment of Plaintiffs is the result of inherent bias on the part of Dustin Kellerand other U-Haul employees, all of which resulted Plaintiffs being treated worse than similarly placed whites and similarly placed non-Nigerians.

37. On information and belief, Defendants' employees further had not properly trained on how to deal with stolen vehicles, their reporting and recovery.  As a result, the making of false police reports reporting vehicles as stolen and having people arrested for overdue rentals, as was done with Stanislaus Nwachukwu, was not an uncommon recurrence at U-Haul, especially the LaPlace location operated by Defendant Acadian Services and customers serviced by Dustin Keller.

38. Furthermore, Defendants' agent and manager Keller promised Plaintiffs that U-Haul would charge his credit card for as long as he was renting the vehicle.  One belief and information, Dustin Keller's willful refusal to charge the Plaintiffs' credit card as well as his reporting of the Plaintiffs without any due diligence is an indication of his disdain for a black man who could leave a credit card open for use with no limitation on his spending power.

39. On information and belief Dustin Keller's attitude and behavior speak directly to the incredulous behavior and inherent racism, which led to discriminatory acts and defamatory statements.

40. Keller could not even spell Plaintiffs' family name ("Nwachukwu") right and used three different spelling of Plaintiffs' name.

## GENERAL ALLEGATIONS

41. **Acadian Services**, **LLC** is vicariously responsible for the actions of its agents and employees including Dustin Keller for the events and happenings referred to in this petition, and which

events and happenings unlawfully caused the injuries and damages to the Plaintiffs alleged as set forth herein.

42. **U-Haul Holding Company** also is vicariously responsible for the actions of its agents or employees including Dustin Keller for the events and happenings referred to in this petition, and which events and happenings unlawfully caused the injuries and damages to the Plaintiffs alleged as set forth herein.

43. Defendants are liable and indebted unto Plaintiffs for such damages including but not limited to mental pain and suffering, future mental pain and suffering, loss of enjoyment of life, medical expenses, future loss of earning capacity together with legal interest thereon from the date of the judicial demand, until paid and for all costs of these proceedings.

44. Defendants Keller, Does 1 Through Does 20, U-Haul and Acadian acted with reckless disregard for the truth and failed to confirm whether Plaintiffs had stolen the Vehicle and/or had the Vehicle overdue as per U-Haul policies and procedures before calling and having the vehicle reported stolen and making other false accusations about Plaintiffs.

45. Keller contacted St. John The Baptist Parish Sheriff's Office to request that a report be created regarding the Plaintiffs rental and the incident.

46. Deputy Officer 1 (hereinafter referred to as "Deputy Officer 1") and Deputy Officer 2 were dispatched to the U-Haul location.

47. Upon their arrival, the Officers spoke with Keller and various other employees of the Defendants, which employees erroneously advised the officers that the Plaintiffs were the subject of fraud and falsely claimed that Plaintiffs came to the store, rented the vehicle and disappeared with it.

48. These false allegations were not only reported to the St. John The Baptist Parish Sherriff's

Office but also to the U-Haul Lost Prevention Team.

49. After speaking with Defendants' employees, Deputy Officer 1 advised Keller that he could completed the report by inputting documents into the Sheriff Portal.

50. By the time Keller did so, the vehicle was returned and re-rented by Plaintiffs.

51. Neither Keller nor U-Haul bothered to check on the status of the vehicle before it was reported stolen.

52. Neither Keller nor U-Haul bothered to check on the status of the Vehicle before lodging or completing the police report, which completion was done after the vehicle was rented to Plaintiffs.

53. After the reporting of the vehicle as stolen, none of the defendants bothered to check on the return status of the vehicle or its rental by Plaintiffs.

54. Nine days after renting the vehicle and five days before it was due to be returned, Plaintiff Stanislaus Nwachukwu was arrested on the warrant that was issued on account of defendants reporting the vehicle as stolen.

55. After the arrest of Plaintiff N.Nwachukwu and the impounding of the vehicle, Plaintiff Nwachukwu was let to languish in jail for four days by Defendants before Defendants had him released.

56. Plaintiffs asserts that Mr. Stanislaus Nwachukwu never had any intention of stealing the vehicle and never had the vehicle overdue without the consent of defendants and their agents.

57. Accusations by Defendants' employees including Dustin Keller against the Plaintiffs were wanton and reckless, and done without any due care.

58. Defendants' employees knew or should have known that the Plaintiffs did not steal the vehicle and that the vehicle was returned and re-rented to Stanislaus Nwachuckwu when the report by

Dustin Keller was initially made and/or completed.

59. Defendants had no reasonable basis for making and/or asserting such defamatory allegations against Plaintiffs.

60. Plaintiffs were publicly confronted with malicious intent and subjected to embarrassment, ridicule and humiliation in the presence of others.

61. Nwachukwu was a regular patron of U-HAUL before the incident leading to his arrest. Now, however, as a result of his experience, he will no longer be able to enjoy renting there without reliving the horrific experience of his arrest.

62. Each time Plaintiffs sees a U-HAUL vehicle or sign, Plaintiffs experience a flashback and their injuries persists as Plaintiffs experienced mental anguish and embarrassment.

63. Plaintiffs who are outstanding citizens have been accused of theft and Stanislaus Nwachukwu was even arrested for same and spent a significant amount of time in jail with hardened criminals.

64. Petitioner asserts that incident and his injuries were caused by the negligent actions of the Defendants.

65. Based on these allegations of U-Haul and its employees, Officer 1 and Officer 2 treated the Plaintiffs as criminal perpetrators, discriminated against them and otherwise caused them harm by having the vehicle reported as stolen and Nwachukwu treated as a criminal without ANY independent verification or investigation of the allegations.

66. As a direct result of Defendants' actions, Plaintiffs suffered emotional distress, damage to their reputation, emotional disfigurement, and other damages as further described herein.

67. Thus, Defendants are truly indebted unto Plaintiffs, for such damages as are reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, for

all costs of this proceeding, and for all general damages and equitable relief, which are currently unascertainable but which damages on belief and information are quite substantial.

68. The incident described above was caused solely and proximately by the gross and flagrant recklessness, carelessness, acts, omissions, negligence, and fault of Defendants in the following nonexclusive particulars, to-wit:

    A.  Causing physical and psychological harm to Plaintiff;
    B.  Verbal accusations and defamatory statements against Plaintiffs in the public forum;
    C.  Defamation with malice against Plaintiff;
    D.  Destroying Plaintiff's reputation and good name/character;
    E.  Violating Plaintiff's rights as guaranteed by the laws;
    F.  Subjecting Plaintiffs to public ridicule, humiliation, and embarrassment;
    G.  Negligently and falsely accusing the Plaintiffs of committing a violation which Plaintiffs did not commit; and
    H.  Falsely publishing defamatory statements in the public forum without any regard for the truth.

69. As a direct and proximate result of the said incident, Plaintiffs Stanislaus Nwachukwu and Blessing Ijeoma Nwachukwu has suffered harm and sustained painful and debilitating injuries and damages, which are serious in nature and require continuing medical care and treatment, the full residual and *sequela* are not known, but are serious in nature.

70. The defamatory accusations of fraud have caused Plaintiffs emotional distress and will continue to cause them emotional distress, mental pain and suffering, mental anguish and suffering, defamation of character, discomfort, public humiliation, and the public's loss of confidence.

71. Plaintiffs, Stanislaus Nwachukwu and Blessing Ijeoma Nwachukwu , itemizes their damages as follows:

    A.  Past, present, and future physical pain and suffering;
    B.  Past, present, and future mental pain and suffering;
    C.  Past, present, and future medical, hospital, and pharmaceutical expenses;
    D.  Past, present, and future full compensation for injuries;
    E.  Past, present, and future mental anguish and emotional trauma;

F.  Past, present, and future loss of enjoyment of life; and loss of pursuit of happiness;
G.  Past, present, and future emotional distress, negligent infliction of emotional distress;
H.  Loss of love, affection, companionship, intimacy, as a result of Plaintiff's injuries;
I.  Past, present, and future defamation of character and public humiliation and ridicule;
J.  Past, present, and future embarrassment;
K.  Irreparable harm to their character, good name and good will;
L.  Damaged reputation as a result of the defendant's actions;
M.  Loss of confidence due to shame brought on by the incident;
N.  Uncontrollable fear, anger, sadness, hopelessness, nightmares, fear of public places, panic attacks, anxiety attacks, restlessness; and,
O.  All costs associated with litigating this case, including but not limited to filing, service, deposition, and expert fees.

72. As a result of the defamatory accusation(s), Plaintiffs continue to suffer restrictions and limitations on their public appearance, public confidence and self-confidence.

73. Plaintiffs therefore are entitled to and should receive damages for the items set forth in such amounts as are reasonable in the premises.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Against U-Haul for Section 1981 Discrimination)
### SECTION 1981 DISCRIMINATION

74.  Plaintiffs hereby incorporates by reference all paragraphs of the General Allegations, as though fully set forth herein.

75. The allegations of paragraphs 1 through 74 also are incorporated herein by reference.

76. At all times relevant, Defendants U-Haul, Acadian Services and Repwest, and each of them, was and is an entity subject to United States Discrimination laws, including 42 U.S.C. §1981, and the Louisiana Discrimination Law.

77. Under 42 U.S.C. §1981, individuals who have been subjected to discrimination based on race or ethnicity can make a discrimination claim. Specifically, Section 1981 protects against racial discrimination in the making and enforcement of contracts.

78. Here Plaintiffs are entitled to and seeks to bring a discrimination claim under 42 U.S.C. §1981

against U-Haul and the other defendants.

79. Section 1981 protects the rights of all individuals to be free from racial discrimination. This protection covers both U.S. citizens and non-citizens.

80. The primary focus of Section 1981 is to prohibit discrimination based on race or ethnicity in contractual relationships.

81. Section 1981 provides individuals with the right to be free from discriminatory treatment in the making and enforcement of contracts based on their race or ethnicity.

82. Discrimination claims under Section 1981 arise when individuals are treated differently in the making or enforcing contracts because of their race or ethnicity, as was done in the instant matter by Defendants.

83. Section 1981 prohibits racial discrimination in various aspects of contractual relationships, including but not limited to the provision of services and sale of goods.

84. Individuals who believe they have been discriminated against based on race in their contract, whether in the provision of goods or services, or other related decisions, may bring a discrimination claim under Section 1981.

85. Discrimination claims under Section 1981 apply to rental relationships. As a result, this claim by Plaintiffs can be brought under Section 1981.

86. As Plaintiffs have experienced discrimination in the way Plaintiffs were treated by Defendants, as has been pleaded hereinabove, Plaintiffs are entitled to seek remedy under Section 1981. Under Section 1981, individuals can bring private lawsuits seeking remedies for the harm suffered.

87. The remedies that Plaintiffs are entitled to may include damages, injunctive relief, and attorney's fees.

88. The discriminatory conduct that Plaintiffs Stanislaus Nwachukwu and Blessing Ijeoma Nwachukwu complains of include the following:

    a.  Discriminating against Plaintiffs in the provision of services;
    b.  Mistakenly identifying Plaintiffs as a criminal who steal rental vehicles
    c.  Exhibiting cross-race bias;
    d.  Racially profiling Plaintiff;
    e.  Stereotyping Plaintiff;
    f.  Not providing Plaintiffs with the courtesy extending to white customers of U-Haul;
    g.  Treating Plaintiffs differently during their rental of the vehicle by U-Haul;
    h.  Treating Plaintiffs differently during their rental of the vehicle by U-Haul;
    i.  Failing to update improperly reported vehicle status.
    j.  Failing to report improperly reported warrant.
    k.  Failing to act with care and provide accurate information regarding their rights and obligations when he became arrested.
    l.  Making false reports about Plaintiffs to the police.
    m.  Unequal terms and conditions of service; and
    n.  Failing to act with deliberate speed to have Plaintiffs released from prison.\

89. Specifically, U-Haul, Keller and DOES 1 Through DOES 20 treated Plaintiffs unequally during their renting of the vehicle at the U-Haul store in Laplace, which is the cause of this litigation, failed to treat them appropriately and eventually caused them to suffer the humiliation and injury of being stopped and arrested.

90. As a result of their treatment, Plaintiffs has suffered injury and sustained damages.

91. The acts of Defendants described herein above constitute Section 1981 discrimination.

92. The acts of Defendants have caused Plaintiffs damages, which the Defendants should be held responsible for.

93. As a direct and proximate result of Defendants' action, Plaintiffs has suffered and will suffer substantial monetary damage in a sum not presently susceptible to precise calculation.

94. Plaintiffs are informed and believes and, on that ground, alleges that Plaintiffs has suffered monetary damages in a sum that may very well exceed $1 million, all of which should be recovered from Defendant U-Haul.

## SECOND CLAIM FOR RELIEF
(Against all Defendants)
### RACIAL PROFILING

95. Plaintiffs hereby incorporates by reference all paragraphs of the General Allegations, and the allegations of all prior Causes of Action, as though fully set forth herein.

96. The actions of Defendants herein, and each of them, constitute racial profiling.

97. Defendants' racial profiling has caused Plaintiffs damages.

98. In committing the acts herein alleged, the aforesaid Defendants, and each of them did so negligently, carelessly, and/or recklessly perform their duties as outlined hereinabove.

99. As a direct and proximate result of Defendants' acts and Racial Profiling and each of their conduct alleged above, Plaintiffs has suffered and continue to suffer general and special damages in an amount to be determined according to proof at time of trial, which Plaintiffs are informed and believe and thereon allege is in excess of the sum of $100,000.00.

100.    As a further direct and proximate result of Defendants, and each of their Racial Profiling conduct alleged above, Plaintiffs are required to expend their time and energy to gather facts, seeking and conferring with legal counsel, and filing a legal action to redress said Defendants' tortuous conduct, all to Plaintiff's detriment in a sum to be proved at the time of trial.

101.    As a direct and proximate result of the conduct of Defendants, Plaintiffs may be required to retain legal counsel and incur legal costs and reasonable attorneys' fees, all to Plaintiff's detriment, in a sum to be proved at the time of trial.

102.    As a proximate result of the tortious conduct of Defendants, Plaintiffs Stanislaus Nwachukwu and Blessing Ijeoma Nwachukwu suffered loss of their reputation, shame, mortification, emotional distress, and injury to their feelings, in a sum according to proof at the time of trial.

103.    In doing the acts herein alleged, Defendants acted with fraud, malice, and oppression, entitling Plaintiffs to punitive damages in an amount according to law.

### THIRD CLAIM FOR RELIEF
(Against all Defendants)
### CROSS RACE BIAS

104.    Plaintiffs hereby incorporates by reference all paragraphs of the General Allegations, and the allegations of all prior Causes of Action, as though fully set forth herein.

105.    The actions of Defendants herein, and each of them, constitute Cross Race Bias.

106.    Defendants' Cross Race Bias has caused Plaintiffs damages.

107.    In committing the Cross Race Bias acts herein alleged, the aforesaid Defendants, and each of them did so negligently, carelessly, and/or recklessly perform their duties as outlined hereinabove.

108.    As a direct and proximate result of Defendants' acts and Cross Race Bias and each of their conduct alleged above, Plaintiffs has suffered and continue to suffer general and special damages in an amount to be determined according to proof at time of trial, which Plaintiffs are informed and believe and thereon allege is in excess of the sum of $100,000.00.

109.    As a further direct and proximate result of Defendants, and each of their Cross Race Bias conduct alleged above, Plaintiffs are required to expend their time and energy to gather facts, seeking and conferring with legal counsel, and filing a legal action to redress said Defendants' Cross Race Bias, all to Plaintiff's detriment in a sum to be proved at the time of trial.

110.    As a direct and proximate result of the conduct of Defendants, Plaintiffs may be required to retain legal counsel and incur legal costs and reasonable attorneys' fees, all to Plaintiff's detriment, in a sum to be proved at the time of trial.

111.   As a proximate result of the tortious conduct of Defendants, Plaintiffs Stanislaus Nwachukwu and Blessing Ijeoma Nwachukwu suffered loss of their reputation, shame, mortification, emotional distress, and injury to their feelings, in a sum according to proof at the time of trial.

112.   In doing the acts herein alleged, Defendants acted with fraud, malice, and oppression, entitling Plaintiffs to punitive damages in an amount according to law.

**FOURTH CLAIM FOR RELIEF**
(Against all Defendants)
**RACIALLY MOTIVATED STEREOTYPING**

113.   Plaintiffs hereby incorporates by reference all paragraphs of the General Allegations, and the allegations of all prior Causes of Action, as though fully set forth herein.

114.   The actions of Defendants herein, and each of them, constitute Racial Stereotyping.

115.   Defendants' Racial Stereotyping has caused Plaintiffs damages.

116.   In committing the Racial Stereotyping acts herein alleged, the aforesaid Defendants, and each of them did so negligently, carelessly, and/or recklessly perform their duties as outlined hereinabove.

117.   As a direct and proximate result of Defendants' acts and Racial Stereotyping and each of their conduct alleged above, Plaintiffs has suffered and continue to suffer general and special damages in an amount to be determined according to proof at time of trial, which Plaintiffs are informed and believe and thereon allege is in excess of the sum of $100,000.00.

118.   As a further direct and proximate result of Defendants, and each of their Racial Stereotyping conduct alleged above, Plaintiffs are required to expend their time and energy to gather facts, seeking and conferring with legal counsel, and filing a legal action to redress said

Defendants' Racial Stereotyping, all to Plaintiff's detriment in a sum to be proved at the time of trial.

119.    As a direct and proximate result of the conduct of Defendants, Plaintiffs may be required to retain legal counsel and incur legal costs and reasonable attorneys' fees, all to Plaintiff's detriment, in a sum to be proved at the time of trial.

120.    As a proximate result of the tortious conduct of Defendants, Plaintiffs Stanislaus Nwachukwu and Blessing Ijeoma Nwachukwu suffered loss of their reputation, shame, mortification, emotional distress, and injury to their feelings, in a sum according to proof at the time of trial.

In doing the acts herein alleged, Defendants acted with fraud, malice, and oppression, entitling Plaintiffs to punitive damages in an amount according to law.

## FIFTH CLAIM FOR RELIEF
(Against all Defendants)
## WRONGFUL ACCUSATION OF THEFT

121.    Plaintiffs hereby incorporates by reference all paragraphs of the General Allegations, and the allegations of all prior Causes of Action, as though fully set forth herein.

122.    The actions of Defendants herein, and each of them, constitute Wrongful Accusation of Theft and Trespass.

123.    These Wrongful Accusation of Theft and Trespass are ongoing and continuing to the present on belief and information as Plaintiffs are on -U-Haul's do not rent list.

124.    Defendants' Wrongful Accusation of Theft and Trespass and Wrongful Termination and continuing denial of Guest Privileges have caused Plaintiffs damages.

125.    In committing the Wrongful Accusation of Theft and Trespass and Wrongful Termination of Guest Privileges acts herein alleged, the aforesaid Defendants, and each of them did so negligently, carelessly, and/or recklessly perform their duties as outlined hereinabove.

126.    As a direct and proximate result of Defendants' acts herein, and each of their conduct alleged above, Plaintiffs has suffered and continue to suffer general and special damages in an amount to be determined according to proof at time of trial, which Plaintiffs are informed and believe and thereon allege is in excess of the sum of $100,000.00.

127.    As a further direct and proximate result of Defendants' acts and conduct alleged hereinabove, Plaintiffs are required to expend their time and energy to gather facts, seeking and conferring with legal counsel, and filing a legal action to redress said Defendants' Wrongful Accusation of Theft and Trespass and Wrongful Termination of Guest Privileges, all to Plaintiff's detriment in a sum to be proved at the time of trial.

128.    As a direct and proximate result of the conduct of Defendants, Plaintiffs may be required to retain legal counsel and incur legal costs and reasonable attorneys' fees, all to Plaintiff's detriment, in a sum to be proved at the time of trial.

129.    As a proximate result of the said continuing tortious conduct of Defendants herein in this claim, Plaintiffs Stanislaus Nwachukwu and Blessing Ijeoma Nwachukwu suffered loss of their reputation, shame, mortification, emotional distress, and injury to their feelings, in a sum according to proof at the time of trial.

130.    In doing the acts herein alleged, Defendants acted with fraud, malice, and oppression, entitling Plaintiffs to punitive damages in an amount according to law.

## SIXTH CLAIM FOR RELIEF
(Against All Defendant)
## INFLICTION OF EMOTIONAL DISTRESS

131.    Plaintiffs hereby incorporates by reference all paragraphs of the General Allegations, and the allegations of all prior Causes of Action as though fully set forth herein.

132.    The actions of Defendants outlined above have resulted in an intentional or negligent infliction of emotional distress on Plaintiffs on a continuing basis.

133.    Defendants had a duty to provide safe and hassle free shopping experienced to all of their guest, including the Plaintiffs.

134.    By their acts against Plaintiffs and by accusing Plaintiffs of theft and other crimes as well as by banning them from the Defendants' stores, Plaintiffs has suffered emotional distress.

135.    This emotional distress inflicted by Defendants is suffered on a continuing basis and experienced on an ongoing basis, including but not limited to each time Plaintiffs passes a U-Haul Store or wants to shop there but could not.

136.    Defendants' intentional and/or negligent infliction of emotional distress has caused Plaintiffs harm in an amount that is yet to be fully ascertained but on belief and information is greater than $100,000.00

137.    The defamatory statements regarding the Plaintiffs, Stanislaus Nwachukwu, eventually resulted in his arrest and unlawful detention for a week.  Plaintiffs will demonstrate that (1) The Plaintiffs will show that the statements were regarding him (identification); (2) The Plaintiffs will show that the defamatory statements were spoken to a third party (publication); (3) The statement had a defamatory meaning and was not categorized as mere annoying words; (4) The statements were false; (5) The statements are provable as false; (6) The false and defamatory statement caused Plaintiffs' actual injury and/or special damages.

138.    In fulfillment of the six (6) elements enumerated above, Plaintiffs exhibit the following;

a. Plaintiffs were the target of the defamatory statements because they wer intentionally reported to the sheriffs as having stolen the U-Haul.
b. The statement was communicated to a third party, in this case, the St. John the Baptist Parish Sheriff's Office;
c. The statement had a defamatory meaning because it was made with knowledge that it was untrue or with reckless disregard for the truth (meaning the person who said it questioned the truthfulness but said it anyhow);
d. The statement was false because Plaintiffs left his credit card on file with Defendant to continue to charge it as long as he had the truck. Additionally, he re-rented the U-Haul in Georgia and called the Laplace, LA location, and they still reported the U-Haul stolen, without ever calling Plaintiffs and advising him;
e. The falsehood of the statement is easily provable by the rental records;
f. As a result of the defamatory accusation, the Plaintiffs continue to suffer from the debilitating effects of humiliation, embarrassment, public confidence, and self-confidence.

139.    As a result of the blatant discrimination that spawned the defamatory statements, Mr. and

Mrs. Nwachukwu suffered the following injuries, to-wit:

a.    Humiliation;
b.    Disgrace;
c.    False Imprisonment;
d.    False Arrest;
e.    Loss of Freedom;
f.    Phobia;
g.    Defamation of Character;
h.    Unjust Treatment;
i.    Unjust imprisonment under false pretenses;
j.    Arrest under false pretenses;
k.    Discrimination based on race;
l.    Discrimination based on country of origin;
m.    Stereotyping due to his race;
n.    Stereotyping due to his country of origin;
o.    Unlawful arrest;
p.    Deprivation of liberty and rights under the law;
q.    Anxiety, panic attacks, depression, nightmares;
r.    Loss of enjoyment of life;
s.    Loss of pursuit of happiness;
t.    Overwhelming shame;
u.    Anger, loss of self- and public confidence;
v.    Constant fright, sleeplessness, restlessness, panic attacks, anxiety attacks, hopelessness, recurring nightmares;
w.    Fear of Uniformed Law Enforcement Personnel;
x.    Fear of going out in public;

y.   Distrusting of Police;
z.   Distrusting of the court system;
aa.  Intentional infliction of emotional distress; and
bb.  Negligent infliction of emotional distress, etc.

140.   The incident described above was caused solely and proximately by the wanton and willful

gross negligence and flagrant disregard, carelessness, recklessness acts, omissions, and fault

of Defendants through, directly or through their agents and employees as pleaded above, in the

following nonexclusive particulars, to wit:

a.   Causing physical and psychological harm to Plaintiff;
b.   Defamatory statements against Plaintiff;
c.   Defamation with malice against Plaintiff;
d.   Destroying Plaintiff's reputation and good name/character;
e.   Violating Plaintiff's rights as guaranteed by the laws;
f.   Knowingly falsifying and filing false police crime report with the intent to
     destroy, humiliate, embarrass, intimidate, and ridicule Plaintiff;
g.   Willfully and recklessly violating Plaintiff's basic human rights under false
     pretenses;
h.   Willfully causing Plaintiffs to be deprived of his property rights limb and life;
i.   Wrongfully causing the unlawful imprisonment of a citizen with malice and
     wanton and willful gross negligence and disregard;
j.   By knowingly and falsely accusing the Plaintiffs of committing a crime they
     knew never happened or occurred;
k.   Negligently and falsely accusing Plaintiffs of committing a crime they had no
     evidence that occurred after being informed that Plaintiffs had renewed his
     rental agreement in Georgia;
l.   Causing to be published defamatory false criminal charges against Plaintiffs in
     the Parish, State and National inmate databases of the prisons which were
     available and accessible through the internet;
m.  Failure to adequately train the employees;
n.   Failure to exercise due diligence;
o.   Failure to exercise reasonable vigilance and care in violation of Louisiana;
p.   Emotionally harmed permanently for life; and,
q.   Any other tortuous intentional or negligent acts, which may be proven at trial.

141.   The aforesaid Defendant is truly indebted unto your Plaintiffs, jointly, severally for such

damages as are reasonable in the premises, together with legal interest thereon from the date

of judicial demand until paid, and for all costs of this proceeding, and for all general damages

and equitable relief.

142.   U-Haul Co. of Louisiana is therefore liable unto Plaintiffs for the damages and losses sustained by Plaintiffs in said incident, which is itemized and is set out hereafter.

143.   As a direct and proximate result of this incident, the Plaintiffs, Stanislaus Nwachukwu, and Ijeoma Nwachukwu, have sustained painful and debilitating injuries and damages, which are serious in nature and require continuing medical care and treatment, the full residual and *sequala* are not known, but are serious in nature.

144.   Plaintiffs itemize their damages and losses as follows:

1.   Past, present, and future physical pain and suffering.
2.   Past, present, and future medical, hospital, and pharmaceutical expenses.
3.   Past, present, and future mental anguish and emotional trauma.
4.   Past, present, and future loss of enjoyment of life; loss of pursuit of happiness; loss of freedom; loss of liberty.
5.   Loss of income, wages, and ability to earn income or wages due to personal injuries.
6.   Loss of love, affection, companionship, and intimacy, as a result of Petitioners' injuries.
7.   Petitioner is entitled to and should receive compensation for lost wages; and
8.   Any and all other damages itemized at the trial of this matter are warranted by law.

145.   As a result of the defamatory accusation, the Plaintiffs continue to suffer restrictions and limitations on their public appearance, public confidence, and self-confidence.

**SEVENTH CLAIM FOR RELIEF**
(Against Officer 1, Officer 2 and John Doe Sheriff for Section 1983 Violation)
**SECTION 1983, UNDER COLOR OF LAW VIOLATION**

146.   Plaintiffs hereby incorporates by reference all paragraphs of the General Allegations, and the allegations of all prior Cause of Action, as though fully set forth herein.

147.   The allegations of paragraphs 1 through 73 are incorporated herein by reference.

148.   At all times relevant, Defendants Officer 1, Officer 2 and John Doe Sheriff, and each of them, was and is an entity subject to United States Discrimination laws.

149.   Officer 1, Officer 2 and John Doe Sheriff acted under color or law and caused Plaintiff Stanislaus Nwachukwu to be reported as a common criminal who stole a vehicle and they did

so intentionally and without any reasonable inquiry or due diligence.

150.    As a result of their treatment by Officer 1, Officer 2 and John Doe Sheriff, Plaintiffs have

suffered injury and sustained damages.

151.    The acts of Defendants Officer 1, Officer 2 and John Doe Sheriff have caused Plaintiffs

damages, which the Defendants Officer 1, Officer 2 and John Doe Sheriff should be held

responsible for.

152.    As a direct and proximate result of Defendants' action, Plaintiffs has suffered and will

suffer substantial monetary damage in a sum not presently susceptible to precise calculation.

153.    Plaintiffs are informed and believes and, on that ground, alleges that Plaintiffs has suffered

monetary damages in a sum that may very well exceed $1 million, all of which should be

recovered from Defendant U-Haul.

**EIGHTH CLAIM FOR RELIEF**
(Against U-Haul for Breach of Contract)
**BREACH OF CONTRACT CLAIM**

154.    The allegations of paragraphs 1 through 73 are incorporated herein by reference.

155.    Stanislaus Nwachukwu entered into an agreement with U-Haul, through is agent and

employees for the rental of the  Vehicle, which vehicle is owned by U-Haul (the "Contract" or

"Agreement").

156.    Part of the terms of the Agreement was the provision that U-Haul would rent the vehicle to

Plaintiff until January 29, 2023.

157.    Implied in the Agreement is provision that Plaintiff would have peaceful enjoyment of the

Vehicle for the days rented.

158.    Also, implied in the agreement is the provision each party would use their best efforts to negotiate in good faith and reach reasonable agreement on all issues that come up related to the rental and between the parties.

159.    Prior to expiration of the agreement, U-Haul repudiated and breached this contract with Plaintiff by repudiating same and reporting the vehicle as stolen.

160.    Further, U-Haul did not make any effort to prevent Plaintiffs from being arrested or the vehicle impounded with Plaintiffs were stopped and accused of being in possession of a stolen vehicle.

161.    After his arrest, Plaintiffs filed a claims with U-Haul and have tried to receive compensation from U-Haul for their troubles.  All to no avail.

162.    U-Haul and its insurer RepWest have refused to acknowledge responsibility for plaintiff's damages and have repudiated their obligations to Plaintiffs.

163.    Upon learning of U-Haul's decision to repudiate and breach their Agreement, Stanislaus Nwachukwu pleaded with U-Haul and asked U-Haul to reconsider U-Haul's  decision.

164.    Plaintiffs reminded Defendants of U-Haul's contractual obligations, all to no avail, another substantial breach.

165.    U-Haul has proceeded to reject all proposals offered by Plaintiff for resolution of the matter while not making any efforts on U-Haul's part to come up with viable alternatives for resolution of the matter, another substantial breach.

166.    In fact, the only resolution acceptable to U-Haul and Defendants, as communicated several times to Plaintiffs and their counsel, was U-Haul being responsible for none of Plaintiffs' damages.

167.    When Plaintiffs raised U-Haul's contractual obligations and U-Haul's failure to perform

there under, both U-Haul and its agents, informed Nwachukwu, as well as others they had

dealings with that there was no obligation to Plaintiffs under the contract.

168.    As a result of U-Haul's breach, Plaintiff is entitled to receive not only the actual money

expended by Plaintiff but also all damages as a result of the consequence of U-Haul's actions.

U-Haul is also responsible for other damages for U-Haul's breach of the Contract, a sum that

is currently unascertainable but on belief and information is in excess of $1,000,000.00.

169.    Plaintiffs have done everything required of them by the Agreement and is in no manner or

respect in breach thereof.

170.    At the time of U-Haul's acts of breach and repudiation here set forth, the Agreement, but

for U-Haul's breach, continued to impose obligations of performance upon Plaintiffs, all of

which Plaintiff performed faithfully and without any breach.

171.    U-Haul has committed the following acts of breach and repudiation of the Agreement: (1)

U-Haul has repeatedly claimed that U-Haul has no obligations as requested by Plaintiff; (2) U-

Haul has repeatedly claimed that U-Haul had no obligation to provide Plaintiff with any

compensation for reporting the vehicle as stolen; (3) Reporting the vehicle stolen; (4) failing

to remove the vehicle from U-Haul's stolen vehicles list;  (5) failing to remove Plaintiffs from

U-Haul's do not rent list; (6) U-Haul has repeatedly claimed that U-Haul has no obligation to

negotiate terms in good faith or otherwise perform under the agreed upon terms; (7) U-Haul

has repeatedly claimed that U-Haul has no obligation to act reasonably or other work out the

disagreement using reasonable terms; (8) U-Haul has repeatedly claimed that U-Haul has no

obligation to accept the objective and mutually agreed terms of the agreement, (9) U-Haul's

failure  to act in good faith and negotiate reasonable terms for the resolution of Plaintiffs'

claims; and (10) U-Haul has repeatedly claimed that U-Haul has no obligation to negotiate in good faith to resolve any contractual disputes.

172.    Despite repeated demand by Plaintiff, U-Haul refused to acknowledge U-Haul's duty to fulfill U-Haul's contractual obligations to Plaintiff.

173.    U-Haul did this knowing fully well that U-Haul's failure to act in good faith and to honor his agreement would be a breach of contract.

174.    Plaintiff used up a considerable amount of their time and resources to pursue resolution of the Contract issues.

175.    As a direct and proximate result of U-Haul's breach and repudiation of the Agreement, Plaintiffs have suffered and will suffer substantial monetary damage in a sum not presently susceptible to precise calculation.

176.    Plaintiffs are informed and believe and, on that ground, allege that they is entitled to monetary damages in a sum that may very well exceed $1 million in the event specific performance is not granted.

**NINETH CLAIM FOR RELIEF**
(Against U-Haul as to Post-Termination Violations)
**BREACH OF CONTRACT AS TO POST-TERMINATION VIOLATIONS**

177.    Plaintiffs incorporate by reference the allegations of the Breach of Contract Claim for Relief herein above as though fully set forth herein.

178.    Plaintiff Stanislaus Nwachukwu has performed under the Contract despite U-Haul's repudiation of the Contract and U-Haul's lack of cooperation with Plaintiff to resolve the Contract disputes over Plaintiffs' claims.

179.    Despite reasonable requests by Plaintiff Stanislaus Nwachukwu for affirmation of the Contract, affirmation of Plaintiff Stanislaus Nwachukwu's rights U-Haul has refused to make any such affirmation or other arrangement acceptable to Plaintiff.

180.    Consequently, U-Haul also has failed to honor its contract with Plaintiff Stanislaus Nwachukwu, post termination, by not negotiating in good faith for the resolution of the contract issues (real or manufactured) with Plaintiff.

181.    Plaintiff's obligation to perform under the Contract with regards to training, negotiating in good faith, and other terms and obligations, extended well beyond the initial repudiation and cancellation of the Contract by U-Haul.

182.    As a result of U-Haul's breach post-termination, U-Haul is indebted unto Plaintiff Stanislaus Nwachukwu for general damages including damages for breach of contract, loss of economic opportunity, plus interest, attorneys' fees, and such other and further relief as this court deems necessary and proper after a trial herein.

## TENTH CLAIM FOR RELIEF
## EXPENSES OF LITIGATION AND ATTORNEYS' FEES

183.    Plaintiffs adopts, alleges and affirms all allegations and averments contained in the above and forgoing paragraphs of this Complaint.

184.    Pursuant to Louisiana Law, Plaintiffs also may recover attorney fees and expenses of litigation related to one or more of the other causes of action and for which Defendants are jointly and severally liable.

185.    Plaintiffs are entitled to recover the expenses of this litigation including, but not limited to, attorneys' fees, for all of which Defendant are jointly and severally liable.

## IV. TRIAL BY JURY

186.    Plaintiffs demands trial by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, Stanislaus Nwachukwu and Blessing Ijeoma Nwachukwu, prays that Defendants be duly cited to appear and answer this Complaint; that Defendants be served with a copy thereof and that, after the lapse of all legal delays and due proceedings had, there be judgment herein in favor of the Plaintiffs, and against Defendants, for pain and suffering, mental anguish, emotional distress, past, present, and future loss of enjoyment of life and pursuit of happiness, and reasonable attorney's fees and court costs incurred in connection with the litigation of this matter. Plaintiffs further prays that Plaintiffs be granted any and all such further relief for which he is entitled under the law.

Plaintiffs further prays that this court Grant such other and further legal and equitable relief as this court deems necessary and proper and adjudges after a trial is had herein.

Plaintiffs lastly prays for other relief as appears just and proper to this Honorable Court.

Respectfully submitted,

**THE LAW OFFICES OF
PIUS A. OBIOHA & ASSOCIATES, LLC**

/s/Pius Obioha

_____
PIUS A. OBIOHA, BAR# 25810
1550 North Broad Street
New Orleans, LA 70119
Telephone: (504) 265-0437
Facsimile: (504) 265-0440
pius@obiohalaw.com
*Attorneys for Plaintiffs*

- 35 -