UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STANISLAUS NWACHUKWU AND BLESSING IJEOMA NWACHUKWU | CIVIL ACTION |
| VERSUS | NO. 25-1597 |
| ACADIAN SERVICES, LLC ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is the motion of defendants Acadia Services, LLC; U-Haul Holding Company; Repwest Insurance Company; and Dustin Keller to dismiss plaintiffs' action under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court GRANTS the motion.

### I.   BACKGROUND

This case arises out of plaintiff Stanislaus Nwachukwu's rental of a U-Haul truck.[1] Plaintiffs allege that defendants filed a false police report which led to Stanislaus Nwachukwu's wrongful arrest. Plaintiffs allege that defendants discriminated against plaintiffs based on their race, filed an allegedly false police report which then resulted in Stanislaus Nwachukwu's

---

[1] *See* R. Doc. 1.

arrest, and inflicted emotional distress on plaintiffs.[2]  Plaintiffs additionally bring a breach of contract claim based on the rental of the U-Haul.[3]

Defendants argue that plaintiffs' complaint should be dismissed because their claims are barred by issue preclusion based on plaintiffs' previous suit ("Nwachukwu I") against U-Haul Co. of Louisiana.[4]  In that suit, plaintiffs Stanislaus Nwachukwu and Ijeoma Blessing Nwachukwu brought claims against U-Haul Co. of Louisiana for discrimination, defamation, negligence, negligent and intentional infliction of emotional distress, and false imprisonment.[5]  The suit alleged that U-Haul Co. of Louisiana filed a false police report, leading to a wrongful arrest, for Stanislaus Nwachukwu's failure to timely return the rented U-Haul.[6]  This Court dismissed plaintiffs' claims with prejudice following a review of the summary judgment record in the previous case and released a 27-page order and reasons detailing the Court's rationale.[7]  Plaintiffs then attempted to appeal this Court's decisions but were ultimately unsuccessful.

---

[2]   *Id.*
[3]   *Id.*
[4]   R. Doc. 16.
[5]   R. Doc. 16, Exhibit 1.
[6]   For a full recitation of the facts of this case, *see* R. Doc. 16, Exhibit 10.
[7]   R. Doc. 16, Exhibit 10.

Plaintiffs filed this suit after the Fifth Circuit dismissed their appeal of the summary judgment order but before the Fifth Circuit ruled on their appeal of this Court's denial of their procedural motions. Plaintiffs oppose defendants' motion, primarily arguing that because they have sued different entities, issue preclusion does not apply.[8]

The Court considers the parties' arguments below.

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)), and "that, if true, 'raise a right to relief above the speculative level.'" *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court

---

8    R. Doc. 22.

3

is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

### A. Issue Preclusion

In the present motion to dismiss, defendants urge the Court to dismiss the Nwachukwu's action based on issue preclusion. Res judicata encompasses two preclusive doctrines: "(1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Houston Pro. Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016) (internal quotations omitted). These two doctrines work to "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (cleaned up). At issue here is the second doctrine, issue preclusion.

Issue preclusion bars "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)). For issue preclusion to apply, three elements must be met:

4

> (1) the issue at stake must be identical to the one involved in the prior action;
> (2) the issue must have been actually litigated in the prior action; and
> (3) the determination of the issue in the prior action must have been a part of the judgment in that earlier action.

*United States ex rel Gage v. Rolls-Royce North America, Inc.*, 760 F. App'x 314, 317 (5th Cir. 2019) (quoting *In re Southmark Corp.*, 163 F.3d 925, 932 (5th Cir. 1999)).  Additionally, the legal standard used to assess the issue must be the same in both proceedings.  *Next Level Commc'ns LP v. DSC Commc'ns Corp.*, 179 F.3d 244, 250 (5th Cir. 1999).

In this action, all three elements are met.  First, the issues at stake in Nwachukwu I are identical to those at stake here.  Nwachukwu I involved claims based on the same set of circumstances.  As in the first suit, plaintiffs' complaint alleges that the defendants discriminated against plaintiffs because of their race, filed a false police report which resulted in Stanislaus Nwachukwu's arrest, and inflicted emotional distress on plaintiffs.  As with the first lawsuit, these claims revolve around the plaintiffs' rental of a U-Haul from a Louisiana U-Haul location and the events that followed.  Namely, U-Haul's reporting of the vehicle as unreturned to the St. John Parish Sheriff's Office after Stanislaus Nwachukwu kept the vehicle 19-days passed the original return date, and the subsequent arrest and incarceration of

5

Stanislaus Nwachukwu. The core facts and issues in both lawsuits are identical.[9]

Plaintiffs do not deny that the suits are based on the same underlying facts.[10] Instead, they argue that the issues were not previously decided because the parties that plaintiffs have sued in the instant action differ from the party sued in the first action.[11] But the parties do not need to be identical, "so long as the party against whom estoppel applies had the full and fair opportunity to litigate the issue in the previous lawsuit." *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009); *see also Rolls-Royce North America, Inc.*, 760 F. App'x at 317. Here, the parties against whom estoppel applies are plaintiffs. The plaintiffs in the present suit are identical to the plaintiffs in the previous suit. Plaintiffs had a "full and fair opportunity to litigate the issue[s] in the previous lawsuit." *Id.* That plaintiffs did not achieve the result they desired in the previous lawsuit is of no consequence.

Plaintiffs additionally argue that they bring a new claim for breach of contract in the instant action. This argument fares no better. Plaintiffs

---

9     *Compare* R. Doc 16, Exhibit 1 *with* R. Doc. 1.
10    *See* R. Doc. 22 at 1 ("the prior action involved overlapping factual backround").
11    *See generally* R. Doc. 22.

6

appear to be confusing claim and issue preclusion. Issue preclusion may apply even if the claims differ. *Next Level Commc'n*, 179 F.3d at 250. It is the issues that matter, and the issues presented by plaintiffs' new claims have already been raised. The contracts at issue in the present matter are the exact contracts that were presented to the Court in the first matter. The Court already reviewed the contracts and determined that Mr. Nwachukwu kept the U-Haul long passed the original contract return date.[12] The issues underlying the Nwachukwus' claims are the same as in the original suit. That the Nwachukwus have found a different label for their grievances does not alter this.

Second, the issues were all actually litigated in the prior action. This Court released a 27-page Order and Reasons granting summary judgment for defendant in the first action. *See In re Keaty*, 397 F.3d 264, 271 (5th Cir. 2005) (noting that courts "apply the doctrine of issue preclusion to issues decided on summary judgment").

Finally, the Court's previous determinations in the Nwachukwus' first lawsuit were necessary to its decision to dismiss the Nwachukwus' case with prejudice. The third element is therefore satisfied.

Accordingly, plaintiffs' present action is barred by issue preclusion.

---

12    R. Doc. 16, Exhibit 10 at 4-5.

## B. Leave to Amend

Because the Court has determined that plaintiffs' claims are barred by res judicata, leave to amend would be futile. Accordingly, the Court declines to grant plaintiffs' leave to amend their complaint. *See Matter of: Sherwin Alumina Co., LLC*, 952 F.3d 229, 236 (5th Cir. 2020).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss.

The Court DISMISSES WITH PREJUDICE plaintiffs' action against defendants.

New Orleans, Louisiana, this __4th__ day of February, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE